IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. COGAR, | ) | CASE NO. 1:17CV2508 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| DAVE MARQUIS, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

Petitioner David Cogar ("Petitioner" or "Cogar") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1. Cogar is detained at the Richland Correctional Institution, having pleaded guilty to two counts of breaking and entering, one count of safecracking, one count of grand theft, and one count of possessing criminal tools, in the Ashland County, Ohio, Court of Common Pleas. *State v. Cogar*, Case No. 15-CRI-198 (Ashland Cty. Common Pleas Ct., filed March 8, 2016). At sentencing, the trial court sentenced Cogar to 9 months in prison for each breaking and entering count, 12 months each for safecracking and grand theft, and 6 months for possessing criminal tools, to be served consecutively, for an aggregate sentence of 48 months in prison. Doc. 8-1, pp. 22-27.

On November 15, 2017, Cogar filed his Petition for Writ of Habeas Corpus setting forth two grounds for relief. Doc. 1, pp. 5-7. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. As set forth more fully below, both Cogar's grounds for relief are procedurally defaulted. Thus, the undersigned recommends that Cogar's Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED**.

# I. Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

## A. State Court Action

### 1. Underlying Facts

The following brief summary of underlying facts is taken from the opinion of the Ashland County Court of Appeals, Fifth Appellate District of Ohio:

> {¶ 15} On December 1, 2015, appellant gained entry to the bar at the golf course by prying open a door (first breaking and entering). December 14, 2015 T. at 12. He walked around looking at things, located a safe, and left the building. *Id*. at 13. He then broke into the golf course's separate maintenance building and stole tools, including a torch (second breaking and entering). *Id*. He returned to the bar area and attempted to open the safe with the torch (safecracking) (possession of criminal tools). *Id*. He was unsuccessful. *Id*. at 14. He then pried the safe from the floor and rolled it out of the building into a front-end loader. *Id*. Appellant stole candy, chips, peanuts, beer, a television, tools, and the safe containing $12,000 to $15,000 in cash (grand theft). *Id*. at 15–16. Appellant damaged doors, railing on a deck, and gaming machines. *Id*. at 16. Appellant did not have consent or authorization to remove the items from the premises. *Id*. at 16–17.

*State v. Cogar*, 2017 WL 1422886, at *2 (Ohio Ct. App. April 17, 2016).

### 2. Procedural History

On January 14, 2016, an Ashland County Grand Jury issued an indictment charging Cogar with two counts of breaking and entering, R.C. 2911.13(A), one count of safecracking, R.C. 2911.31(A), one count of grand theft, R.C. 2913.02(A)(1), and one count of possessing criminal tools, R.C. 2923.24(A). Doc. 8-1, pp. 4-5.

Cogar, through retained counsel R. J. Budway, moved to dismiss for a speedy trial violation, which the court denied. Doc. 8-1, pp. 6, 10. On March 8, 2016, prior to trial, Cogar, through counsel, withdrew his not guilty plea and pleaded guilty to all counts as charged. Doc.

8-1, pp. 12-15. The trial court accepted his plea and scheduled Cogar's sentencing. Doc. 8-1, pp. 16-17.

Prior to sentencing, Cogar changed counsel to Michael Sullivan, who filed a motion to withdraw guilty plea on July 11, 2016. Doc. 8-1, p. 18. Cogar alleged that Attorney Budway did not communicate a plea offered to him before the plea deadline. Id. The trial court held a hearing, attorney Budway testified, and the trial court denied Cogar's motion to withdraw guilty plea. Doc. 8-1, p. 20. The court sentenced Cogar to 9 months in prison for each breaking and entering count, 12 months each for safecracking and grand theft, and 6 months for possessing criminal tools, to be served consecutively, for an aggregate sentence of 48 months in prison. Doc. 8-1, pp. 22-27.

### B. Direct Appeal

On October 12, 2016, Cogar, through new counsel, appealed to the Ohio Fifth District Court of Appeals, Ashland County. Doc. 8-1, p. 28. In his brief, he raised the following assignments of error:

> 1. The court erred in not merging the within five counts at sentencing, since they were subject to the law of allied offenses of similar import under O.R.C. 2941.25.
>
> 2. The court erred by imposing consecutive sentences.
>
> 3. David Cogar was denied effective assistance of counsel to his detriment.

Doc. 8-1, p. 36. On April 17, 2017, the Ohio Court of Appeals overruled Cogar's assignments of error and affirmed the judgment of the trial court. Doc. 8-1, pp. 75-87.

On June 14, 2017, Cogar, pro se, filed a Notice of Appeal with the Ohio Supreme Court and a Motion for Leave to File Delayed Appeal. Doc. 8-1, pp. 88, 89. On September 13, 2017, the Ohio Supreme Court denied his motion for delayed appeal and dismissed his case. Doc. 8-1, p. 109.

3

**C. Application for Reopening pursuant to Ohio App. Rule 26(B)**

On June 28, 2017, Cogar, pro se, filed an application for reopening his appeal pursuant to Ohio App. R. 26(B).  Doc. 8-1, p. 110.  He alleged that appellate counsel was ineffective for not raising the following assignments of error on direct appeal:

> 1. Appellate counsel was ineffective because the attorney failed to present the issues in a winning fashion and to file winning issues.
>
> 2. Counsel failed to raise the Speedy Trial Rights violation pursuant to R.C. 2945.71(D) and under the Sixth and Fourteenth Amendment to the United States Constitution.

Doc. 8-1, p. 113.  On August 28, 2017, the Ohio Court of Appeals denied Cogar's Application for Reopening.  Doc. 8-1, pp. 115-117.  Cogar did not appeal to the Ohio Supreme Court.

**D. Federal Habeas Petition**

On November 15, 2017, Cogar, pro se, filed his Petition for a Writ of Habeas Corpus.  Doc. 1.  He listed the following grounds for relief:

> **Ground One**: The Court erred in not merging the within five counts at sentencing, since they were subject to the law of allied offenses of similar import in violation of the double jeopardy clause.
>
> > **Supporting Facts:** Appellant gained entry to the bar by prying open a door. He located a safe and left the building. He then broke into the golf course's separate building and stole tools. He returned to the bar and attempted to open the safe. He was unsuccessful. He then took the safe using a front-end loader. He stole several items and the safe containing $12,000 to $l5,000 in cash. All counts occurred on the same date, involved one victim, and all shared the ultimate goal of stealing.
>
> **Ground Two**: David Cogar was denied effective assistance of counsel in violation of his due process.
>
> > **Supporting Facts:** Appellant's first counsel, attorney Budway, failed to inform him of the state's offer to plead guilty to one of the breaking and entering counts and the grand theft count and the remaining three counts would be dismissed.

Doc. 1, pp. 5-7.  Respondent filed a Return of Writ (Doc. 8), Cogar filed a Traverse (Doc. 9), and Respondent filed a Reply (Doc. 12).

## II. Standard of Review under AEDPA

4

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381 (2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). In contrast, when state court remedies are no longer available, procedural default rather than exhaustion applies. *Williams*, 460 F.3d at 806.

**Exhaustion.** A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts"). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the petitioner must

5

present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).

**Procedural Default.** Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court." *Id*. In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id*. While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson,* 501

U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams,* 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

### III. Claim Analysis

**A. Ground 1 is procedurally defaulted**

In Ground 1, Cogar argues that the trial court erred when it did not merge the five counts he pleaded guilty to prior to sentencing, in violation of the double jeopardy clause. Doc. 1, p. 5. He claims that the counts should have been merged because they were allied offenses of similar import. Id.

Ground 1 is procedurally defaulted. Although Cogar raised this claim on direct appeal, he did not timely appeal to the Ohio Supreme Court. He filed a Motion for a Delayed Appeal to the Ohio Supreme Court (Doc. 8-1, p. 89), but the Ohio Supreme Court denied his motion without explanation. Doc. 8-1, p. 109. "Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (finding that the petitioner's ground for relief was procedurally defaulted on federal habeas review when the Ohio Supreme Court's order denying his motion for leave to file a delayed appeal was silent as to the reasons it denied relief). Because the Ohio Supreme Court enforced a procedural bar when it denied Cogar's motion for delayed appeal, his claim is procedurally defaulted. *Id.*; *Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state

court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.").

As cause to excuse his procedural default, Cogar argues that he did not file a timely appeal to the Ohio Supreme Court because his appellate counsel "misled" him into believing that "it was the responsibility of the public defender to represent him to the Supreme Court of Ohio." Doc. 9, p. 2. Even taking Cogar's allegations as true, they cannot serve as cause to excuse his procedural default because Cogar procedurally defaulted any such ineffective assistance of appellate counsel claim. *See Edwards v. Carpenter*, 529 U.S. 446, 450-451 (2000) (when a petitioner procedurally defaults an ineffective assistance of counsel claim, ineffective assistance of counsel cannot serve as cause to excuse the procedural default of the underlying claim unless the petitioner can show cause and prejudice to excuse the ineffective assistance of counsel procedural default). Cogar did not raise this issue as a reason appellate counsel was ineffective in his Rule 26(B) Application, and he did not appeal the Ohio Court of Appeals' denial of his Rule 26(B) Application to the Ohio Supreme Court.

For cause to excuse his procedural default of an ineffective assistance of appellate counsel claim, Cogar argues that, because he filed his Rule 26(B) Application while his case was still pending on direct appeal, appellate counsel's ineffectiveness was not yet an appealable issue. Doc. 9, p. 3. This argument is belied by the record. In his motion for delayed appeal to the Ohio Supreme Court, which Cogar drafted on May 24, 2017, he asserted that his filing was late because he had not been timely advised by appellate counsel. Doc. 8-1, p. 90. Therefore, he was aware of this issue before he drafted his Rule 26(B) Application a month later, on June 23, 2017. Doc. 8-1, p. 114. In other words, Cougar knew, when he filed his Rule 26(B) Application, that his appeal to the Ohio Supreme Court was late, allegedly because appellate counsel failed to adequately apprise him of his appeal time.

8

Lastly, Cogar has not alleged that he suffered a fundamental miscarriage of justice, i.e., that his is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Instead the record shows that he pleaded guilty to all counts as charged and that there was a video recording showing him performing the criminal acts. See Doc. 8-2, pp. 30-49 (transcript).

Ground 1 is procedurally defaulted.

**B. Ground 2 is procedurally defaulted**

In Ground 2, Cogar argues that he was denied effective assistance of counsel because his first attorney, Budway, did not inform him of the state's first plea offer. Doc. 1, p. 7. Ground 2 is procedurally defaulted because, as with Ground 1, although Cogar raised this issue on direct appeal, he did not timely appeal to the Ohio Supreme Court and his motion for delayed appeal was denied without an explanatory reason by the Ohio Supreme Court. *See Bonilla*, 370 F.3d at 497 (a petitioner's ground for relief is procedurally defaulted when the Ohio Supreme Court's order denying his motion for leave to file a delayed appeal is silent as to the reasons it denied relief); *Williams*, 460 F.3d at 806. For the same reasons explained above in Ground 1, Cogar's alleged cause to excuse his procedural default—ineffective assistance of appellate counsel—is itself procedurally defaulted and cannot constitute cause to overcome the procedural default of his underlying claim. Ground 2 is procedurally defaulted.

## IV. Conclusion and Recommendation

For the reasons stated above, the undersigned recommends that Grounds 1 and 2 be **DISMISSED** because they are procedurally defaulted.

Dated: June 12, 2018

*/s/ Kathleen B. Burke*

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).