# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID E. COGAR, | ) Case No. 1:17-CV-2508 |
| | ) |
| Petitioner, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) |
| DAVE MARQUIS, | ) MEMORANDUM OPINION AND |
| | ) ORDER |
| Respondent. | ) |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. The Report and Recommendation (ECF #13), issued on June 12, 2018, is hereby ADOPTED by this Court.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 8, 2016, Petitioner pled guilty to two counts of breaking and entering, one count of safecracking, one count of grand theft, and one count of possessing criminal tools. On October 12, 2016, Petitioner appealed to the Ohio Fifth District Court of Appeals, Ashland County and the Court affirmed the trial court's decision. June 14, 2017, Petitioner, pro se, filed a Notice of Appeal with the Ohio Supreme Court and a Motion for Leave to File Delayed Appeal. On September 13, 2017, the Ohio Supreme Court denied his motion for delayed appeal and dismissed his case. On June 28, 2017 Petitioner, pro se, filed an application for reopening his appeal pursuant to Ohio App. R. 26(B), which was denied by the Ohio Court of Appeals. Petitioner did not appeal this decision to the Ohio Supreme Court.

On November 15, 2017, Petitioner, pro se, filed his Petition for a Writ of Habeas Corpus,

pursuant to 28 U.S.C. §2254, challenging his conviction on two grounds: (1) that the Court erred in not merging the within five counts at sentencing, since they were subject to the law of allied offenses of similar import in violation of the double jeopardy clause, and (2) Petitioner was denied effective assistance of counsel in violation of his due process.

## II. STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report. Whereas here, no timely objection was filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. FED. R. CIV. P. 72 advisory committee's notes (citation omitted). When neither party objects to the findings of a magistrate judge, "it does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III. ANALYSIS

Magistrate Judge Burke found that both of Petitioner's claims were procedurally defaulted. Procedural default can occur when a petitioner fails to "comply with state procedural rules in representing his claim to the appropriate state court." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A petitioner may also procedurally default a claim "by failing to raise a claim in state court and pursue that claim through the state's 'ordinary appellate procedures.'" *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A petitioner must (1) show cause for the default and actual prejudice that resulted from the alleged violation of federal law or (2) that

there will be a fundamental miscarriage of justice if the claims are not considered to overcome a procedural bar. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

*A. Ground 1*

Magistrate Judge Burke found that Ground 1 of Petitioner's Petition for a Writ of Habeas Corpus is procedurally defaulted. Although Petitioner raised this claim on direct appeal, he did not timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied Petitioner's Motion for a Delayed Appeal with no explanation. "Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Petitioner argues that ineffective assistance of counsel shows cause to excuse his procedural default. Magistrate Burke appropriately indicates that this claim is without merit because the ineffective assistance of counsel claim is itself procedurally defaulted. Finally, Petitioner does not allege, and would be unable to show, that he suffered a fundamental miscarriage of justice. Therefore, Petitioner is unable to overcome the procedural default for Ground 1.

*B. Ground 2*

Magistrate Judge Burke also found that Ground 2 was procedurally defaulted. Similar to Ground 1, Petitioner raised this issue on direct appeal but did not timely appeal to the Ohio Supreme Court. Additionally, Petitioner's motion for delayed appeal was denied with no explanation. Here, Petitioner also argues that ineffective assistance of counsel shows cause for an excuse of the procedural bar. However, as in Ground 1, ineffective assistance of counsel is itself

defaulted and cannot be used to overcome the procedural default. Therefore, Ground 2 is procedurally defaulted.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been

4

denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, this Court ADOPTS the Report and Recommendation of Magistrate Burke (ECF #13). Petitioner's Petition for Writ of Habeas Corpus is therefore DISMISSED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 6, 2018